IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BENJAMIN CARTER, | ) | |
| Plaintiff, | ) | Case No. 7:20-cv-00713 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| WARDEN KISER, et al., | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil rights action is currently set for trial beginning February 21, 2023. The case is now before the court on plaintiff Benjamin Carter's motion for leave to file a fifth amended complaint. Based on the particular circumstances presented, the court finds it appropriate to continue the trial and grant the plaintiff's motion. However, to the extent that the amended complaint attempts to assert claims against the Commonwealth of Virginia, such claims are clearly barred by the Eleventh Amendment and will be dismissed on that ground.

I.      **Background**

Carter is a Virginia inmate who was previously incarcerated at Red Onion State Prison ("Red Onion") and Wallens Ridge State Prison ("Wallens Ridge"). He commenced this action by filing a pro se complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at those facilities. Among other claims, Carter asserted that correctional officers at Red Onion used excessive force against him on May 19, 2020, after he was restrained for assaulting an officer, and that correctional officers at Wallens Ridge used excessive force against him after being transferred that same day. Carter also asserted that he was subjected to unconstitutional conditions of confinement at Wallens Ridge. The defendants

named in the original complaint included Joseph Ely, Christopher King, Warden Kiser, Lt. Lambert, Eric Miller, S. Sisco, and Sgt. Messer, in addition to John Doe defendants. See ECF No. 1.

On December 31, 2020, the court dismissed the case after Carter failed to comply with a conditional filing order. ECF No. 20. Carter then sought reconsideration, and the court granted that request and gave him additional time to complete his application to proceed in forma pauperis. Within the time for responding, Carter paid the entire filing fee. Accordingly, the case was reopened on March 23, 2021. ECF No. 33.

On April 2, 2021, Carter filed an amended complaint, which was construed as a motion to amend. ECF No. 35. On April 20, 2021, the motion to amend was granted, and the Clerk was directed to docket the pleading as the amended complaint. ECF No. 41. The amended complaint added claims against Henry Ponton, Harold Clarke, and Wallens Ridge. ECF No. 35.

After agreeing to waive service of process, defendants Ely, King, Kiser, Lambert, Miller, Sisco, and Messer filed an answer to the amended complaint, followed by a motion for partial summary judgment.[1] ECF Nos. 63 and 110. In the brief filed in support of the motion, the defendants acknowledged that the claims for the use of excessive force by officers at Red Onion and Wallens Ridge could not be decided on summary judgment and that they would need to be set for trial. See ECF No. 111 at 6–7. The defendants also acknowledged that

---

[1] Defendants Ponton, Clarke, and Wallens Ridge moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). The court granted those motions, ECF No. 136, and Carter has not attempted to reassert claims against those defendants.

Carter's claim that Ely subjected him to unlawful conditions of confinement at Wallens Ridge would need to be tried. Id. at 8.

While the motion for partial summary judgment was still pending, Carter moved to amend his complaint a second time to add eleven correctional officers in place of the John Doe defendants. That motion was granted on December 2, 2021, and the Clerk was directed to add Franklin Cooper, Sgt. Bradley Taylor, Christopher Wampler, Michael Mullins, Sgt. Gregory Ridings, Robert Gibson, James Mullins, Shannon Hayes, Tyler Bray, Lt. Michael Williams, and David Webb as defendants. ECF No. 120. After several of the additional defendants agreed to waive service of process, Ely, King, Kiser, Lambert, Miller, Sisco, Messer, Taylor, Wampler, Gibson, James Mullins, Hayes, Bray, Williams, and Webb filed an answer to the second amended complaint, followed by an amended answer. ECF Nos. 133 and 134.

Around the same time, Carter retained counsel, and two attorneys filed notices of appearance on his behalf in February 2022. ECF Nos. 130 and 132. The case was subsequently set for trial beginning on February 21, 2023. ECF No. 145.

On June 17, 2022, Carter's counsel filed a motion for leave to file a fourth amended complaint, which only asserted two claims arising from the incidents that allegedly occurred at Red Onion on May 19, 2020, and omitted individuals that had been previously identified as defendants. ECF Nos 146 and 146-1. After receiving no opposition from the defendants, the court granted the motion on July 8, 2022. ECF No. 148. As a result, the Clerk was directed to terminate the defendants that were not named in the fourth amended complaint, and the motion for partial summary judgment previously filed by several of the defendants was denied without prejudice as moot. Id.

3

Less than three months later, on September 7, 2022, Carter filed the pending pro se motion for leave to file a fifth amended complaint. ECF No. 155. In the motion, Carter asserts that the fourth amended complaint filed by counsel was "not of [his] doing," that counsel failed to include all of the claims that he intended to pursue, and that counsel had expressed the intent to withdraw from the case. Id. In the attached fifth amended complaint, Carter reasserts claims against Ely, King, Hayes, Williams, Wampler, Gibson, and James Mullins, all of whom were omitted from the fourth amended complaint filed by counsel. Carter also seeks to add John Doe defendants, as well as the Commonwealth of Virginia. ECF No. 155-1.

On September 27, 2022, Carter's counsel formally moved to withdraw from representing him. ECF No. 159. In an accompanying brief, counsel noted that they were still waiting for Carter to agree to the withdrawal in writing. ECF No. 159-1. On October 17, 2022, Carter filed his own motion requesting that counsel be allowed to withdraw. ECF No. 162. On October 19, 2022, the motions to withdraw were granted, and the defendants were directed to respond to Carter's pro se motion for leave to file a fifth amended complaint. ECF No. 163.

On November 2, 2022, defendants Kiser, Miller, Sisco, Messer, Lambert, Bray, and Ridings (collectively, the "responding defendants") filed a brief in opposition to the motion.[2] ECF No. 165. The responding defendants argue that the proposed amendments would be prejudicial in light of the February trial date. They also argue that certain claims are futile.

---

[2] The third amended complaint filed by counsel also named Franklin Cooper and Michael Mullins as defendants. As discussed below, however, Cooper and Mullins have not yet been served with process.

On December 2, 2022, Carter filed a rebuttal brief in support of his motion for leave to file a fifth amended complaint, as well as a sworn declaration. ECF Nos. 172 and 172-1. In the filings, Carter again asserts, among other arguments, that he did not "approve of the fourth amended complaint filed by counsel" and that counsel moved to withdraw on that basis. ECF No. 172-1 at 2. Carter argues that he should be allowed to pursue the claims that he intended to bring from the very start of the case.

## II.   Motion for Leave to File a Fifth Amended Complaint

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Carter may only file another amended complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule directs courts to "freely give leave when justice so requires." Id. The United States Court of Appeals for the Fourth Circuit has emphasized that this directive is "not simply a suggestion, but rather a 'mandate to be heeded,'" Devil's Advocate, LLC v. Zurich Am. Ins. Co., 666 F. App'x 256, 267 (4th Cir. 2016) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)), and that "[m]otions for leave to amend should generally be granted in light of '[the] Circuit's policy to liberally allow amendment,'" Abdul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)). Nonetheless, a district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

### A.   Prejudice

In opposing Carter's motion, the responding defendants first argue that granting leave

to file the fifth amended complaint would be prejudicial in light of the upcoming trial date, particularly since it adds claims and defendants. Prejudice to the opposing parties is "often determined by the nature of the amendment and its timing." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). "[A]lthough prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.'" Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 118–19 (4th Cir. 2013) (quoting Johnson, 785 F.2d at 510); see also Smith v. Angelone, 111 F.3d 1126, 1134–35 (4th Cir. 1997) (finding that the circumstances surrounding a motion to amend sufficed to demonstrate prejudice where the motion "would have required the State to begin anew on a new set of claims a week before trial").

In this case, Carter did not wait until the eve of trial to seek leave to file an amended complaint. Instead, after discovering that his attorneys had elected to withdraw various claims and defendants, Carter sought leave to file a fifth amended complaint in September 2022, more than five months before trial. Moreover, several of the claims that Carter seeks to add were included in prior versions of the complaint, and the responding defendants previously acknowledged that some of those claims would need to be tried.

Although an amendment may be prejudicial if its timing "unfairly affects the defendants in terms of preparing their defense to the amendment," Minter v. Prime Equip. Co., 451 F.3d 1196, 1207 (10th Cir. 2006), the court will take steps to ensure that the defendants named in the fifth amended complaint are not prejudiced by the amendments. In order to eliminate any risk of prejudice, the court will continue the trial and allow the

defendants to refile any dispositive motions that they believe are warranted in response to the fifth amended complaint. This course of action will also allow Carter adequate time to obtain and review the discovery that the responding defendants recently agreed to provide in response to a motion to compel, see ECF No. 178, and it will eliminate any prejudice or injustice that would result from denying leave to amend under the particular circumstances presented. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (noting that "[a]ny prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing amendment").

**B.    Futility**

The responding defendants also oppose Carter's motion on the basis that it would be futile for him to add certain claims. The Fourth Circuit has explained that "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. "For example, if an amended complaint could not survive a motion to dismiss for failure to state a claim, it is properly denied for frivolity." Miller v. Md. Dep't of Natural Res., 813 F.3d App'x 869, 880 (4th Cir. 2020)

Here, the proposed amended complaint would not be completely subject to dismissal for failure to state a claim. At a minimum, the pleading adequately asserts that Carter was subjected to the use of excessive force at Red Onion and Wallens Ridge on May 19, 2020. For instance, Carter alleges that he was "viciously beaten for approximately 3 ½ minutes" after being restrained at Red Onion and that Miller, Sisco, Messer, Hayes, Bray, Williams, Wampler, Gibson, Michael Mullins, James Mullins, Ridings, Cooper, and other John Doe officers "aided

7

and/or participated in the beating . . . while calling plaintiff 'nigger,' 'boy, [and] 'scumbag.'" ECF No. 155-1 at 5–6; see also, e.g., Cortes v. Broward Cty., 758 F. App'x 759, 764 (11th Cir. 2018) (explaining that an officer can be held liable for excessive force as either an active participant or bystander and that a reasonable jury could find that the defendant's involvement, "whether direct or passive," violated the plaintiff's right to be free from the use of excessive force). Carter also alleges that he suffered facial injuries during the attack and that Ridings subsequently "smeared a glove laced w/ mace over cuts on [his] face and nose" while he was strapped in five-point restraints. Id. at 8. Carter further alleges that upon arriving at Wallens Ridge that same day, King, who was aware of what had occurred earlier at Red Onion, "grabbed [Carter's] left eye brow and squeezed until blood ran down [his] face." Id. at 10.

Because the proposed amended complaint "alleges at least one claim sufficient to defeat a motion to dismiss," the court finds it inappropriate to deny Carter's motion on the basis of futility. All Weather, Inc. v. Optical Sci., Inc., 443 F. Supp. 3d 656, 666 (D. Md. 2020); see also Miller, 813 F. App'x at 880 (holding that the plaintiff should have been permitted to file an amended complaint since the proposed pleading adequately stated at least two claims). If any of the individual defendants believe that other claims asserted in the fifth amended complaint are subject to dismissal under Rule 12(b)(6) or that they would not survive summary judgment, they may pursue such arguments in a dispositive motion. See, e.g., Morgan v. Coppin State Univ., No. 1:20-cv-00427, 2020 U.S. Dist. LEXIS 205689, at *8 (D. Md. Nov. 4, 2020) (permitting the plaintiff to file an amended complaint that stated at least one claim that was not futile and requesting that the defendants raise any challenges to other claims in a dispositive motion).

For these reasons, the court will continue the trial and grant Carter's motion for leave to file a fifth amended complaint.

### III.     Unserved and/or Unidentified Defendants

Two of the individual defendants named in the fifth amended complaint, Franklin Cooper and Michael Mullins, have not yet been served with process. The Office of the Attorney General previously advised that they could not accept service of process on behalf of Cooper or Michael Mullins pursuant to the Agreement on Acceptance of Service since they are no longer state employees. ECF No. 124. Because Carter paid the filing fee and has not been granted leave to proceed in forma pauperis, he is currently responsible for serving these defendants. Under the particular circumstances presented, including the withdrawal of counsel, the court finds it appropriate to grant Carter an additional 30 days to effect service of process on these defendants, pursuant to Federal Rule of Civil Procedure 4(m). If these defendants are not timely served with process, the claims against them will be dismissed without prejudice. If Carter believes that he is unable to afford service of process, he may apply to proceed in forma pauperis.

The fifth amended complaint also names John Doe defendants. In order to avoid further delay, the court will require Carter to file with the court, within fourteen days of the date of entry of this order, sufficient additional information to identify these defendants. If the John Doe defendants are not identified in a timely manner, the claims against them will be dismissed without prejudice.

Finally, the fifth amended complaint adds claims under state law against the Commonwealth of Virginia, which has not been served with process. Because such claims are

plainly barred by the Eleventh Amendment, they will be summarily dismissed without prejudice, rendering service unnecessary. Under the Eleventh Amendment, "an unconsenting State is immune from suit brought in federal court by her own citizens as well as by citizens of another state." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). Therefore, absent waiver or abrogation of sovereign immunity, any claims against the Commonwealth "are barred regardless of the relief sought." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). Because the immunity afforded by the Eleventh Amendment has not been waived by the Commonwealth of Virginia or abrogated with respect to any claims under state law, Carter's claims against the Commonwealth are clearly barred by the Eleventh Amendment and will be dismissed on that ground. See, e.g., McConnell v. Adams, 829 F.2d 1319, 1329 (4th Cir. 1987) (observing that while the Virginia Tort Claims Act "generally waive[s] sovereign immunity for tort claims filed in state courts, it does not waive the state's eleventh amendment immunity [in federal court]").

## IV.   Conclusion

For the reasons set forth herein, the court will continue the trial, grant Carter's motion for leave to file a fifth amended complaint, and permit the parties to file or renew any dispositive motions that they deem appropriate in response to the amended pleading. Carter's claims under state law against the Commonwealth of Virginia will be summarily dismissed without prejudice. An appropriate order will be entered.

Entered: January 13, 2023

Digitally signed by Michael F.
Urbanski       Chief U.S. District
Judge
Date: 2023.01.13 11:07:01 -05'00'

Michael F. Urbanski
Chief United States District Judge

10