IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BENJAMIN CARTER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20-cv-00713 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| JOSEPH ELY, et al., | ) | Chief United States District Judge |
|     Defendants. | ) | |

**ORDER**

Plaintiff Benjamin Carter, a Virginia inmate proceeding pro se, filed this action against correctional officers at Red Onion State Prison ("Red Onion") and Wallens Ridge State Prison ("Wallens Ridge"). Carter asserts, among other claims, that correctional officers at Red Onion used excessive force against him on May 19, 2020, after he was restrained for assaulting an officer, and that correctional officers at Wallens Ridge used excessive force against him after being transferred that same day. The case is presently before the court on Carter's motion for preliminary injunction, ECF No. 207. For the following reasons, the motion will be denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for

injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." Pac. Radiation Oncology, 810 F.3d at 636; see also Devose, 42 F.3d at 471 (affirming the denial of a motion for preliminary injunction that was based on new assertions of retaliation that were "entirely different from the claim raised and the relief requested in [the inmate's] inadequate medical treatment lawsuit").

Applying these standards, the court concludes that Carter's motion for preliminary injunction must be denied. The motion does not address any of the requirements set forth in Winter. Nor does it seek to prevent harm caused by the conduct described in the operative complaint. Instead, the motion is based on new actions that were allegedly taken against Carter. In particular, Carter alleges that Virginia Department of Corrections officials recently transferred him back to Red Onion and placed him in solitary confinement in retaliation for filing a lawsuit against officers at Sussex State Prison. Carter further alleges that he was "stripped of all seven years' worth of belongings [he] owned on April 17, 2023." ECF No. 207 at 1. Because these new allegations are not clearly related to the conduct described in the complaint, "they cannot provide the basis for a preliminary injunction in this lawsuit."* Devose, 42 F.3d at 471.

---

* If Carter believes that his constitutional rights were violated in connection with the actions alleged in the motion, he may file a separate complaint under § 1983 after exhausting his administrative remedies.

For these reasons, it is hereby **ORDERED** that Carter's motion for preliminary injunction, ECF No. 207, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: May 8, 2023

*/s/ Michael F. Urbanski*
Digitally signed by Michael F. Urbanski  Chief U.S. District Judge
Date: 2023.05.08 10:35:37 -04'00'

Michael F. Urbanski
Chief United States District Judge