IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BENJAMIN CARTER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20-cv-00713 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| JOSEPH ELY, et al., | ) | Chief United States District Judge |
|     Defendants. | ) | |

## ORDER

Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that correctional officers at Red Onion State Prison and Wallens Ridge State Prison violated his constitutional rights. Carter also asserted claims under state law against the Commonwealth of Virginia. On January 13, 2023, the court dismissed the claims against the Commonwealth without prejudice as barred by the Eleventh Amendment. See Order, ECF No. 180, at 2. Carter has filed a motion for reconsideration in which he argues that the court erred in declining to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a). For the following reasons, the motion for reconsideration, ECF No. 193, is **DENIED**.

Because the court's previous order did not resolve all of Carter's claims, the order "was interlocutory and thus subject to revision at any time" under Federal Rule of Civil Procedure Rule 54(b). Saint Annes Dev. Co., Inc. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011) (citing Fed. R. Civ. P. 54(b)). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by 'heightened standards for reconsideration' governing final orders." Id. (quoting Am. Canoe Ass'n v.

Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003)). "Nevertheless, the discretion afforded by Rule 54(b) is not limitless," and the United States Court of Appeals for the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC, 899 F.3d 236, 256–57 (4th Cir. 2018) (internal quotation marks and citation omitted). "Accordingly, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Id. (internal quotation marks and citation omitted).

Carter's motion does not identify any change in controlling law that would warrant reconsideration of the dismissal of the state-law claims against the Commonwealth. Nor does it identify any clear error in the court's decision. Because the Commonwealth is entitled to Eleventh Amendment immunity and that immunity has not been waived, there is no basis for exercising supplemental jurisdiction over the claims against the Commonwealth. See Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541–42 (2002) ("[Section] 1367(a)'s grant of [supplemental] jurisdiction does not extend to claims against nonconsenting state defendants."); County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 251 (1985) ("The Eleventh Amendment forecloses . . . the application of normal principles of ancillary and pendent jurisdiction where claims are pressed against the State."); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

For these reasons, Carter's motion for reconsideration, ECF No. 193, is **DENIED**.

The Clerk shall send a copy of this order to the parties.

It is so **ORDERED**.

Entered: May 8, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.05.08 10:56:36 -04'00'

Michael F. Urbanski
Chief United States District Judge