IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN CARTER,<br> Plaintiff, | )<br>)<br>)   Case No. 7:20-cv-00713<br>) |
| v. | )<br>) |
| JOSEPH ELY, et al.,<br> Defendants. | )   By: Michael F. Urbanski<br>)   Chief United States District Judge<br>) |

## MEMORANDUM OPINION

Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officials at Red Onion State Prison ("Red Onion") and Wallens Ridge State Prison ("Wallens Ridge"). The case is presently before the court on Carter's motion for spoliation sanctions. ECF No. 156. For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

### Background

The claims asserted in this action largely stem from events that occurred on May 19, 2020. Carter claims that correctional officers at Red Onion used excessive force against him after he assaulted an officer and that correctional officers at Wallens Ridge used excessive force against him after he was transferred there later that day.

Carter filed his original complaint and his initial amended pleadings without the assistance of counsel. He subsequently retained counsel to represent him, and attorneys filed notices of appearance on his behalf in February 2022. Counsel then filed a motion for leave to file a fourth amended complaint that only asserted claims arising from the use of force at Red Onion. See ECF Nos 146 and 146-1. After receiving no opposition from the defendants,

the court granted the motion, and the fourth amended complaint became the operative pleading. ECF No. 148.

A few months later, while still represented by counsel, Carter filed the pending pro se motion for spoliation sanctions, ECF No. 156, as well as a pro se motion for leave to file a fifth amended complaint. In the spoliation motion, Carter seeks to sanction the defendants for the alleged failure to preserve four hours of video footage recorded by a surveillance camera in the medical cell in which Carter was restrained in five-point restraints on May 19, 2020, following the altercation with Red Onion correctional officers. Carter contends that the footage would have corroborated his "claims of being subjected to unlawful 5 point restrains for hours in need of medical treatment as he suffered violently choking and suffocating for the time period of 11:00 a.m. to 3:00 p.m." ECF No. 156 at 6. He further asserts that "the critical question of how long [he] suffered in 5 point restraints in medical bed #1" cannot be resolved without the surveillance footage. Id. at 1.

Approximately two weeks after the pro se motions were filed, Carter's counsel moved to withdraw from representing him. Carter then filed his own motion requesting that counsel be allowed to withdraw. On October 19, 2022, the motions to withdraw were granted, and the defendants were directed to respond to Carter's pro se motions. ECF No. 163.

On November 2, 2022, the defendants filed a brief in opposition to the motion for sanctions in which they asserted, among other arguments, that the video footage at issue is "completely irrelevant." ECF No. 166 at 2. The operative pleading at that point was the fourth amended complaint filed by counsel, and the defendants noted that it included no "claim based

on the length of time [Carter] was in five-point restraints or even any claim about something that allegedly happened during that time." Id. at 2.

Carter subsequently filed declarations in support of his motion for leave to file a fifth amended complaint and his motion for spoliation sanctions. ECF Nos. 171 and 172-1. In the filings, Carter asserted that counsel "withheld [claims] in their fourth amended complaint pertaining to the unlawful 5 point restraint[s]." ECF No. 171 at 9. Carter also asserted that he did not "approve of the fourth amended complaint filed by counsel" and that counsel moved to withdraw on that basis. ECF No. 172-1 at 2.

On January 13, 2023, the court granted Carter's motion for leave to file a fifth amended complaint, ECF No. 180, and the fifth amended complaint is now the operative pleading in the case. Unlike the previous pleading filed by counsel, the fifth amended complaint includes allegations pertaining to the manner and length of time in which Carter was restrained in five-point restraints on May 19, 2020. Carter claims that he "was strapped in 5-point restraint[s] excessively tightly" and that he "was left in unconstitutional restraints for approximately 8 hours suffering great pains, choking, coughing, and burning from the mace [that had allegedly been smeared on his face by one of the defendants]." ECF No. 181 at ¶ 18.

The defendants recently moved for summary judgment on several claims asserted in the fifth amended complaint, including the claims related to the use of five-point restraints. ECF No. 241. The defendants argue that Carter "filed no grievances pertaining to his placement in five point restraints . . . or any of the . . . conditions pertaining to the five point restraints," and, thus, that those claims should be dismissed for failure to exhaust

3

administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). ECF No. 242 at 4, 10.

With this background in mind, the court turns to the motion for spoliation sanctions.

## Discussion

Spoliation of evidence "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). The spoliation of video footage and other electronically stored information ("ESI") is governed by Federal Rule of Civil Procedure 37(e). See Wall v. Rasnick, 42 F.4th 214, 222–23 (4th Cir. 2022) (discussing Rule 37(e) in the context of prison video recordings). Under this rule,

> a movant must satisfy four threshold requirements before a court decides if any spoliation sanction is appropriate: (1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery.

Steves & Sons, Inc. v. Jeld-Wen, Inc., 327 F.R.D. 96, 103 (E.D. Va. 2018).

If a movant satisfies the threshold requirements for establishing that spoliation occurred, the court must decide whether to impose sanctions. See Turner v. United States, 736 F.3d 274, 281 (4th Cir. 2013) (noting that district courts have "broad discretion" in deciding whether to sanction a party for spoliation of evidence). Two categories of sanctions exist under Rule 37(e). First, "upon finding prejudice to another party from the loss of information," the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, and only if the court finds that the offending party "acted with the intent to deprive another party of the information's use in the litigation," the court

4

may "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (c) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

Having reviewed the record, the court concludes that at least two issues relevant to the spoliation analysis cannot be properly resolved at this stage of the proceedings. Those issues are: (1) whether the video footage from the four-hour period during which Carter was restrained in five-point restraints "should have been preserved in the anticipation or conduct of litigation"; and (2) whether the failure to preserve the footage in question prejudices Carter. Fed. R. Civ. P. 37(e)(1).

With respect to the first issue, the United States Court of Appeals for the Fourth Circuit has explained that "[a] party seeking sanctions based on the spoliation of evidence must establish . . . that the alleged spoliator had a duty to preserve material evidence" and that "[t]his duty arises 'not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.'" Turner, 736 F.3d at 282 (quoting Silvestri, 271 F.3d at 591). In other words, "[a] party that anticipates litigation . . . is under a duty to preserve what it knows, or reasonably should know, is relevant in the action . . . ." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 803 F. Supp. 2d 469, 496 (E.D. Va. 2011). In the context of spoliation, "courts have held that lost or destroyed evidence is relevant if a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it." Le Doux v. Western Express, Inc., No. 6:20-cv-00051, 2023 WL 2842777, at *4 (W.D. Va. Apr. 7, 2023) (internal quotation marks and citations omitted).

5

Along similar lines, resolving the issue of prejudice "necessarily includes an evaluation of the information's importance in the litigation." Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment. "Generally, courts find prejudice when spoliation compromises a party's ability to present its case." Knight v. Boehringer Ingelheim Pharms., Inc., 323 F. Supp. 3d 837, 845 (S.D.W. Va. 2018). Stated differently, "prejudice arises when a party 'cannot present evidence essential to its underlying claim.'" Id. (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 532 (D. Md. 2010)).

Here, Carter contends that the four-hour portion of video footage from the surveillance camera in the medical unit is relevant to the "critical question of how long Carter suffered in 5 point restraints" and that it would have corroborated his "claims of being subjected to . . . unlawful 5 point restraint[s] for hours in need of medical treatment . . . ." ECF No. 156 at 1–2, 6. As indicated above, however, Carter's fourth amended complaint—the operative pleading at the time Carter filed the motion for sanctions—did not assert any claims related to the length of time in which he was restrained in five-point restraints after assaulting an officer. And although his fifth amended complaint does include claims related to his confinement in five-point restraints, the defendants have recently argued that Carter did not file any grievances complaining about his placement in five-point restraints and, thus, that such claims should be dismissed on summary judgment for failure to exhaust administrative remedies.

The court concludes that the issue of exhaustion must be resolved before the court can properly address the spoliation issue. The parties' evidence on the exhaustion defense may prove relevant to the determination of whether the video footage in question "should have

6

been preserved." Fed. R. Civ. P. 37(e). Likewise, the resolution of the exhaustion issue may impact the determination of whether the loss of video footage prejudices Carter. For instance, if Carter did in fact file a grievance complaining about his confinement in five-point restraints, the filing of such grievance may have triggered a duty to preserve video footage depicting his confinement. See Barnes v. Harling, 368 F. Supp. 3d 573, 607 (W.D.N.Y. 2019) (noting that courts "have held that in the correctional context, a duty to preserve may attach . . . when an inmate files grievances about the incident") (collecting cases). On the other hand, if Carter did not exhaust his administrative remedies with respect to his restraint-related claims, it may be more difficult for him to establish that the defendants knew or should have known that the footage "may be relevant to anticipated litigation." Turner, 736 F.3d at 282. Additionally, and perhaps more significantly, it may preclude the court from finding that the failure to preserve the surveillance footage prejudices Carter, as required to impose sanctions under Rule 37(e)(1). See Berg v. Babcock, No. 3:18-cv-00842, 2020 WL 869170, at *3 (W.D. Wis. Feb. 21, 2020) (concluding that an inmate's "motion for spoliation sanctions based on defendants' failure to save surveillance footage . . . [was] moot because the surveillance footage at issue wouldn't have saved [the inmate's] claims from dismissal for failure to exhaust administrative remedies").

Under these circumstances, the court finds it appropriate to deny Carter's motion for spoliation sanctions without prejudice pending the resolution of the exhaustion issue. Once the exhaustion issue is decided, Carter may refile the motion if he so chooses.

## **Conclusion**

For the reasons set forth herein, Carter's motion for spoliation sanctions, ECF No. 156, is **DENIED WITHOUT PREJUDICE**. An appropriate order will be entered.

Entered: September 22, 2023

Michael F. Urbanski
Chief United States District Judge