CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 13, 2024
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

BENJAMIN CARTER,           )
     Plaintiff,          )     **Case No. 7:20-cv-00713**
                  )
v.                    )
                  )     **By: Michael F. Urbanski**
JOSEPH ELY, et al.,       )     **Chief United States District Judge**
     Defendants.      )

## MEMORANDUM OPINION

Plaintiff Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officials at Red Onion State Prison ("Red Onion") and Wallens Ridge State Prison ("Wallens Ridge"). By memorandum opinion and order entered January 13, 2023, the court granted Carter's motion for leave to file a fifth amended complaint, which is the operative pleading in this case. ECF Nos. 179 & 180. The fifth amended complaint named sixteen individual defendants, nine of whom were not listed in the original complaint, along with an unidentified number of John Doe defendants. See ECF No. 181 at 1. "In order to avoid further delay," the court gave Carter fourteen days "to file . . . sufficient additional information to identify [the John Doe] defendants. ECF No. 179 at 9; see also ECF No. 180 at 2. The court advised Carter that the claims against the John Doe defendants would be dismissed without prejudice if they were not identified in a timely manner. Id.

More than six months later, Carter filed a motion to amend the operative pleading to identify one of the John Doe Defendants as Sgt. Bradley Taylor. ECF No. 239. He has since filed three additional motions seeking to identify a total of nine other John Doe defendants.

ECF Nos. 253, 254, and 263. The defendants represented by the Office of the Attorney General of Virginia have filed a response in opposition. ECF No. 262. For the reasons that follow, the motions are **DENIED**.

<u>Discussion</u>

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint "once as a matter of course" within a certain time frame. Fed. R. Civ. P. 15(a)(1). "In all other cases," a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." <u>Id.</u> "Despite this general rule liberally allowing amendments, . . . a district court may deny leave to amend if the amendment 'would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" <u>United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.</u>, 707 F.3d 451, 461 (4th Cir. 2013) (quoting <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006 (en banc)); <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The court's discretion to deny leave to amend "increases at later stages of the litigation." <u>Moore v. Equitrans, L.P.</u>, 818 F. App'x 212, 217 (4th Cir. 2020). When a court sets a deadline for amending a complaint or identifying additional defendants, other rules come into play. Rule 6 permits the court to extend a time limit upon a showing of "good cause," if

a party requests an extension "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Similarly, Rule 16(b)(4) permits a court to modify a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party fails to comply with a court-imposed deadline and a motion is not made until after the time has expired, the party must show both "good cause" for an extension and that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The court is entitled to apply these heightened standards before considering whether the requirements of Rule 15(a) are satisfied. Adams v. City of Indianapolis, 742 F.3d 720, 734 (7th Cir. 2014) (citing Fed. R. Civ. P. 6(b)(1)(B)); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (holding that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

The United States Court of Appeals for the Fourth Circuit has explained that "[g]ood cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence" and that "the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (internal quotation marks and brackets omitted). Similarly, "a party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect." Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 413 (4th Cir. 2010); see also Martinez v. United States, 578 F. App'x 192, 194 n.* (4th Cir. 2014) (noting that excusable neglect generally has the same meaning through the Federal Rules of Civil Procedure). "Excusable neglect is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours &

Co., 76 F.3d 530, 534 (4th Cir. 1996) (internal quotation marks omitted). Relevant factors include "the danger of prejudice to the [non-movants], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

In this case, the fourteen-day deadline for providing sufficient additional information to identify John Doe defendants expired more than six months before Carter filed the pending motions to amend, and Carter had already been granted leave to amend on multiple occasions. In two of the motions, Carter claims to have discovered the identity of a John Doe defendant as a result of reviewing incident reports provided by the defendants. See ECF No. 239 at 3; ECF No. 263 at 3. However, the record reflects that defense counsel initially sent the incident reports to Carter on September 28, 2021, in response to a pro se motion to compel; that defense counsel reproduced all relevant documents in discovery to Carter's subsequently retained counsel on or about April 7, 2022; and that defense counsel agreed to resend Carter "all document discovery," including the incident reports, by "[n]o later than January 6, 2023," after Carter's counsel withdrew from the case. See ECF No. 178 at 2 (summarizing the document production history). Carter has provided no explanation as to why he nonetheless waited several months to request leave to amend the operative pleading to identify additional individuals listed in those reports. Because he has not shown good cause for the delay or excusable neglect, his motions to amend the complaint to add Sgt. Bradley Taylor and Joseph Jones as defendants, ECF Nos. 239 and 263, will be denied. See Adams, 742 F.3d at 734 ("The plaintiffs had an opportunity to amend their complaint once. This was their second motion,

and the deadline for further amendments had long since expired. The district court did not abuse its discretion in refusing to grant relief from the lapsed deadline.").

In the two remaining motions to amend, Carter claims to have discovered the identities of additional John Doe defendants through interrogatory responses provided on August 25, 2023, and August 28, 2023. See ECF No. 253 at 4; ECF No. 254 at 3. Once again, however, the motions provide no explanation as to why Carter waited until well after the applicable deadline expired to propound additional discovery seeking the identities of any other officers involved in the incidents giving rise to this action. If Carter believed that additional discovery was necessary to identify John Doe defendants, he should have moved for an extension of the deadline set forth in the court's January 13, 2023, memorandum opinion and order. He did not do, and he has not shown that he acted with sufficient diligence in trying to identify other possible defendants. Accordingly, his motions to amend the complaint to add the individuals identified in the August 2023 discovery responses, ECF Nos. 253 and 254, will be denied. See Eastern Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000) (concluding that the district court did not err in denying leave to amend where the plaintiff waited more than six months after the scheduling order cutoff).

Finally, the court notes that even if it had not set a deadline for identifying additional defendants, leave to amend would be denied under Rule 15(a). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1202 (6th Cir. 1995). The Supreme Court has "previously explained that a court may consider a movant's 'undue delay' . . . in deciding whether to grant leave to amend under Rule

15(a)." <u>Krupski v. Costa Crociere S.p.A.</u>, 560 U.S. 538, 553 (2010) (citing <u>Forman</u>, 371 U.S. at 182). Likewise, appellate courts have recognized that delay "can be a sufficient reason for denial of leave when accompanied by . . . prejudice to the non-movant." <u>HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross</u>, 101 F.3d 1005, 1010 (4th Cir. 1996); <u>see also</u> <u>Morse v. McWhorter</u>, 290 F.3d 795, 800 (6th Cir. 2002) ("Ordinarily, delay alone, does not justify denial of leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.") (internal quotation marks and citations omitted).

The instant case has been actively pending for nearly three years; it is based on events that allegedly occurred nearly four years ago; and Carter has already been granted leave to amend on multiple occasions. As the defendants note in their response, the case had been set for trial in January 2023, but the trial was continued after Carter's counsel withdrew from the case and the court permitted Carter to file a fifth amended complaint. More than six to nine months passed before Carter then sought to add additional defendants on a piecemeal basis, and he has not provided any justifiable basis for the delay in doing so. Under these circumstances, the court concludes that allowing further amendments at this late stage of the proceedings is not warranted under Rule 15(a). Consequently, even if a deadline had not been set for providing additional information to identify John Doe defendants, the motions to amend would be denied.

<u>Conclusion</u>

For the reasons stated, Carter's motions to amend the fifth amended complaint to identify John Doe defendants (ECF Nos. 239, 253, 254, and 263) are **DENIED**, and the

claims against any remaining John Doe defendants are **DISMISSED** without prejudice in accordance with the court's previous order. An appropriate order will be entered.

Entered: March 12, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.12 17:57:47
-04'00'

Michael F. Urbanski
Chief United States District Judge