IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
         DEPUTY CLERK

| | |
|---|---|
| **BENJAMIN CARTER,** ) | |
| Plaintiff, ) | Case No. 7:20-cv-00713 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **JOSEPH ELY, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against James Lambert and other current and former employees of the Virginia Department of Corrections ("VDOC"). Lambert has asserted counterclaims of assault and battery against Carter. The case is presently before the court on Carter's motion for summary judgment on the counterclaims. ECF No. 252. Lambert has opposed the motion, ECF No. 257, and it is ripe for disposition. For the following reasons, the motion for summary judgment is **DENIED**.

## Background

The series of events giving rise to this action began in May 2020 when Carter was incarcerated at Red Onion State Prison ("Red Onion"), a maximum-security facility operated by the VDOC. Carter claims that correctional officers used or allowed others to use excessive force against him on May 19, 2020, after Carter physically attacked Lambert. See 5th Am. Compl., ECF No. 181.

Lambert alleges that Carter became upset while meeting with other Red Onion staff members to discuss his housing assignment and that Lambert attempted to verbally deescalate

the conflict. Answer & Counterclaim, ECF No. 196, at 7. "Suddenly and without warning or provocation," according to Lambert, "Carter began to strike Lambert in the face, causing Lambert to fall back against a wall and lose consciousness." Id. As a result of the physical attack, "Lambert suffered multiple facial fractures, including a fracture of the orbital bone below his eye socket." Id. He ultimately underwent surgery, "which included the installation of a metal plate on the side of his face and below the eye," and he has been unable to return to work as a result of the injuries. Id. at 7–8.

Lambert asserts counterclaims of assault and battery against Carter. He seeks to recover compensatory damages in an amount to be determined at trial, as well as punitive damages.

## Standard of Review

Carter has moved for summary judgment on the counterclaims asserted against him. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court "must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." Shaw v. Foreman, 59 F.4th 121, 129 (4th Cir. 2023). The court "cannot weigh the evidence or make credibility determinations." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 569 (4th Cir. 2015).

## Discussion

Carter makes three arguments in his support of the pending motion for summary judgment: (1) that Lambert failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"); (2) that Lambert failed to file a notice of claim as required by the

Virginia Tort Claims Act ("VTCA"); and (3) that Lambert's requests for compensatory and punitive damages are barred by the Double Jeopardy Clause of the Fifth Amendment. The court concludes that all three arguments are without merit.

First, the exhaustion provision of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, <u>by a prisoner</u> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Because Lambert is not a prisoner, he is not subject to the PLRA's exhaustion requirement.

Second, the requirements of the VTCA apply when a state tort claim is asserted "against the Commonwealth [of Virginia] or a transportation district." Va. Code. Ann. § 8.01-195.6(A). Lambert has not sued the Commonwealth, and he does not seek to recover damages for the conduct of a state employee. Instead, he has asserted counterclaims against a state inmate. Consequently, the VTCA does not apply.

Third and finally, the Double Jeopardy Clause does not bar Lambert's claims for compensatory and punitive damages. The Double Jeopardy Clause "protects only against the imposition of multiple <u>criminal</u> punishments for the same offense." <u>Hudson v. United States</u>, 522 U.S. 93, 99 (1997) (emphasis in original). Its protections "are not triggered by litigation between private parties." <u>United States v. Halper</u>, 490 U.S. 435, 451 (1989), <u>overruled on other grounds by</u> <u>Hudson</u>, <u>supra</u>. Accordingly, the Double Jeopardy Clause does not "preclude[] a private party from filing a civil suit seeking damages for conduct that previously was the subject of [a] criminal prosecution . . . ." <u>Id.</u> Because Lambert seeks to personally recover

3

compensatory and punitive damages for actions taken against him by Carter, Lambert's claims for damages are not barred by the Double Jeopardy Clause.

## Conclusion

For the reasons stated, the court concludes that Carter is not entitled to judgment as a matter of law on the counterclaims asserted by Lambert. Accordingly, Carter's motion for summary judgment, ECF No. 252, is **DENIED**. An appropriate order will be entered.

Entered: March 18, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.18 13:47:25 -04'00'

Michael F. Urbanski
Chief United States District Judge