CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **BENJAMIN CARTER,** ) | |
|     **Plaintiff,** ) | Case No. 7:20-cv-00713 |
| ) | |
| **v.** ) | |
| ) | **By: Michael F. Urbanski** |
| **JOSEPH ELY, et al.,** ) | **Chief United States District Judge** |
|     **Defendants.** ) | |

## MEMORANDUM OPINION

On December 14, 2023, the Clerk entered default against defendant Franklin Cooper. The case is presently before the court on Cooper's motion to set aside the entry of default. ECF No. 273. The motion has been fully briefed and is ripe for disposition. ECF Nos. 276 and 277. For the following reasons, the motion is **GRANTED**.

### Background

Plaintiff Benjamin Carter, a Virginia inmate, commenced this action by filing a pro se complaint under 42 U.S.C. § 1983 against current and former correctional officials at Red Onion State Prison and Wallens Ridge State Prison. On December 31, 2020, the court dismissed the case after Carter failed to comply with a conditional filing order. ECF No. 20. Carter subsequently paid the filing fee, and the case was reopened on March 23, 2021. ECF No. 33.

Over the course of the following year, while still proceeding pro se, Carter amended his complaint on at least two occasions. ECF Nos. 35 and 120. He then retained counsel to represent him, and counsel moved to file a fourth amended complaint, which omitted certain

claims and defendants. ECF Nos. 146 and 146-1. That motion was granted on July 8, 2022, and the case was set for trial in February 2023. ECF Nos. 145 and 148.

In September 2022, Carter filed a pro se motion for leave to file a fifth amended complaint, which reasserted claims that had been omitted from the fourth amended complaint. ECF No. 155. Carter's counsel subsequently moved to withdraw from representing him, and Carter then filed his own motion requesting that counsel be allowed to withdraw. On October 19, 2022, the motions to withdraw were granted, and the defendants were directed to respond to Carter's pro se motion for leave to file a fifth amended complaint. ECF No. 163.

On January 13, 2023, after the submission of briefs by both sides, the court granted Carter's motion and continued the trial. ECF No 180. The court also extended the time for Carter to effect service of process on Cooper and another defendant, and informed Carter that he could apply to proceed in forma pauperis ("IFP") if he believed that he was unable to afford service. Id. Carter subsequently filed an IFP motion. ECF No. 189. That motion was granted, and the United States Marshals Service was directed to attempt service of process upon Cooper and the other unserved defendant using the last known addresses provided by the Office of the Attorney General of Virginia ("OAG"). ECF No. 194.

On March 2, 2023, the Marshals Service submitted a process receipt and return reporting that "Betty Cooper (mother of Franklin Cooper)" had been served at the address in Pennington Gap, Virginia, provided by the OAG. ECF No. 199 at 1. On an accompanying proof of service form, a deputy marshal checked the box indicating that the summons had been "left . . . at the individual's residence or usual place of abode with . . . Betty Cooper (mother of Franklin Cooper), a person of suitable age and discretion who resides there." Id.

at 2; see also Fed. R. Civ. P. 4(e)(2)(B) (permitting service by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there").

After several months passed without a response from Cooper, Carter moved for entry of default. ECF No. 249. The court granted Carter's motion on December 14, 2023, and directed the Clerk to enter default against Cooper. ECF No. 268.

On January 23, 2024, Cooper moved to set aside the entry of default. ECF No. 273. In an affidavit filed in support of the motion, Cooper asserts that he has not resided at the address in Pennington Gap, Virginia, in over ten years; that he has resided in Dryden, Virginia, for approximately five years; and that he did not become aware of this lawsuit until a former staff member at Red Onion State Prison advised Jeremy O'Quinn, his current attorney, that default had been entered against him. See ECF No. 277-1. Although Cooper disputes whether service was properly effected, he has agreed to waive service and file a responsive pleading.

## Discussion

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment. Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 130 (4th Cir. 2020). "The first step is the entry of default, which must be made by the clerk '[w]en a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Id. (alteration in original) (quoting Fed. R. Civ. P. 55(a). "The second step is the subsequent entry of a default judgment" under Rule 55(b). Id. (emphasis omitted).

Pursuant to Rule 55(c), "[a] court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When deciding whether to set aside an entry of default, courts may consider the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [opposing] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006).

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). The Fourth Circuit has explained that Rule 55(c) "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). Consequently, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson, 411 F.2d at 130.

Here, the majority of the factors identified in Payne weigh in favor of setting aside the entry of default. First, Cooper acted in a reasonably prompt manner in moving to set aside the entry of default. The Clerk entered default against him on December 14, 2023, and Cooper moved to set aside the entry of default forty-one days later, on January 23, 2024. In similar circumstances, courts have found that defaulting parties acted with reasonable promptness. See, e.g., Superior Performers, Inc. v. Thornton, 1:20-cv-00123, 2020 WL 6060978, at *3

4

(M.D.N.C. Oct. 14, 2020) (finding reasonably prompt action where the defendants moved to set aside the entry of default "less than two months following the entry of default and before [the plaintiff] moved for default judgment"); Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001) (finding reasonably prompt action where the defaulting party moved to set aside the entry of default thirty-two days after default was entered); Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding reasonably prompt action where defendant did not respond for more than two months after the entry of default, but responded a few weeks after the plaintiff filed motion for entry of default judgment).

Second, evaluation of Cooper's personal responsibility for the entry of default weighs in favor of setting it aside. Although a deputy marshal served the summons and complaint on Cooper's mother at the address provided by the OAG, Cooper has submitted a sworn affidavit averring that he has lived at a different address in Dryden, Virginia, for approximately five years and that he did not become aware of the lawsuit until after default was entered against him. While Cooper's mother may have assured the deputy marshal that she would provide the service paperwork to Cooper, there is no evidence in the current record that she actually did. Thus, regardless of whether the paperwork filed by the Marshals Service indicates that service was properly accomplished under Rule 4(e)(2)(B), the record does not support a finding that Cooper is personally responsible for the default.

Third, the court has no reason to believe that Carter would be prejudiced by a decision to set aside the entry of default and allow the claim against Cooper to proceed on the merits. As the Fourth Circuit and other appellate courts have explained, "delay in and of itself does not constitute prejudice to the opposing party" in this particular context, and "no cognizable

5

prejudice inheres in requiring a plaintiff to <u>prove</u> a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." <u>Colleton</u>, 616 F.3d at 418–19 (emphasis in original); <u>see also</u> <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 785 (8th Cir. 1998) ("As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits.").

Finally, there is no history of dilatory action by Cooper, and the court finds it unnecessary to impose any form of sanction at this time.

## Conclusion

For the reasons stated, the court finds that the majority of the applicable factors weigh in favor of setting aside the entry of default against Cooper. Accordingly, and in light of the Fourth Circuit's "long-held view that Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults," <u>Colleton</u>, 616 F.3d at 421, Cooper's motion to set aside the entry of default, ECF No. 273, is **GRANTED**. An appropriate order will be entered.

Entered: March 18, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.18 14:33:07
-04'00'

Michael F. Urbanski
Chief United States District Judge