CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN CARTER, ) | |
|     Plaintiff, ) | Case No. 7:20-cv-00713 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| JOSEPH ELY, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officials at Red Onion State Prison ("Red Onion") and Wallens Ridge State Prison. Carter asserts, among other claims, that correctional officers at Red Onion used excessive force against him on May 19, 2020, after he physically assaulted an officer. By previous order, United States Magistrate Judge Joel C. Hoppe denied Carter's motion for appointment of an expert to assist him in establishing that video footage of the use of force had been altered. ECF No. 270. The case is now before the court on Carter's objection to the order, his request for appointment of a neutral expert, and his alternative motion for leave to file an interlocutory appeal. ECF No. 271. For the following reasons, the objection is **OVERRULED**, the request for appointment of a neutral expert is **DENIED**, and the alternative motion for leave to file an interlocutory appeal is **DENIED**.

## Background

Carter alleges that he viewed video footage from Red Onion in 2021 that showed him being punched by officers on May 19, 2020, while he had his "hands up, non-resisting." Pl.'s Mot. for Appointment of Expert, ECF No. 246, at 1. Carter had the opportunity to view the

video footage again in "2022-23." Id. According to Carter, the same footage appeared to have been "photo cropped to make it look as if [he] was resisting" and was "extremely blurred during the cropped section of the video." Pl.'s Aff. Supp. M. for Appointment of Expert, ECF No. 246-1, at ¶ 2. Consequently, Carter requested the appointment of an expert to "write and/or testify that defendants have spoliated the only video footage that depicts the actual events in this case." Pl.'s Mot. for Appointment of Expert, ECF No. 246, at 2.

The magistrate judge denied Carter's motion on December 15, 2023. See Order, ECF No. 270. The magistrate judge explained that courts do not have the authority to appoint expert witnesses to assist indigent plaintiffs under 28 U.S.C. § 1915. Id. at 1 (citing Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987)). The magistrate judge also concluded that appointment of an expert to advocate on behalf of Carter was not warranted under Federal Rule of Evidence 706. Id. at 1–2.

Carter has filed an "objection" to the magistrate judge's order in which he argues that an expert should be appointed to assist the court in reviewing the video footage at issue. ECF No. 271. In the event that the objection is overruled and his request for appointment of a neutral expert is denied, Carter alternatively moves for leave to file an interlocutory appeal. Id.

## Discussion

### I. Objection to the Magistrate Judge's Order

The court's review of any non-dispositive order issued by a magistrate judge is governed by Federal Rule of Civil Procedure 72(a). Pursuant to this rule, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1). An order

is "clearly erroneous" if the court is "left with a definite and firm conviction that a mistake has been made." Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." In re Eli Lilly & Co. v. Novartis Pharma AG, 580 F. Supp. 3d 334, 337 (E.D. Va. 2022) (internal quotation marks omitted).

Having reviewed the record, the court finds no basis to modify or set aside the magistrate judge's order. In the affidavit submitted in support of the motion for appointment of an expert, Carter asserted that he was indigent and that he could not afford to retain an expert. Pl.'s Aff. Supp. M. for Appointment of Expert, ECF No. 246-1, ¶ 5. Although 28 U.S.C. § 1915 permits courts to authorize indigent litigants to proceed in forma pauperis, courts have consistently "recognize[d] that '[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant.'" Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008) (second alteration in original) (quoting Pedraza, 71 F.3d at 196); see also Tedder v. Odel, 890 F.2d 210, 212 (9th Cir. 1989) (joining the Third, Sixth, Seventh, and Eighth Circuits in finding no authorization in § 1915 for the expenditure of public funds for witness fees or expenses); Greene v. Lassiter, No. 1:19-cv-00224, 2020 U.S. Dist. LEXIS 38290, at *1 (W.D.N.C. Mar. 5, 2020) (denying a pro se inmate's motion for an expert witness and explaining that § 1915 "does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants"). Consequently, the magistrate judge did not clearly err in concluding that Carter's status as an indigent inmate does not entitle him to appointment of an expert witness under § 1915.

Nor did the magistrate judge clearly err in declining to appoint an expert under Federal Rule of Evidence 706. "Although the rule permits a party to move for the appointment of an expert, the language of the rule envisions a neutral expert ('[t]he court may appoint any expert that the parties agree on and any of its own choosing'), and it is widely understood that the job of a neutral, court-appointed expert is to serve the interests of the court rather than those of any party." Stevenson v. Windmoeller & Hoelscher Corp., 39 F.4th 466, 470 (7th Cir. 2022) (quoting Fed. R. Evid. 706(a)). Because Carter specifically requested the appointment of an expert to assist him in establishing that video footage had been altered, the magistrate judge's ruling was not clearly erroneous or contrary to law. See, e.g., Davis v. Byrd, No. 96-40559, 1997 U.S. App. LEXIS 41668, at *2 (5th Cir. Dec. 24, 1997) (concluding that an inmate was not entitled to the appointment of an expert to examine a use-of-force video tape) (citing Pedraza, 71 F.3d at 196–97 n.5 (noting that Rule 706 was not applicable since the plaintiff requested the appointment of an expert for his own benefit). Accordingly, Carter's objection to the magistrate judge's order is overruled.

**II.     Request for Appointment of a Neutral Expert**

To the extent that Carter now requests the appointment of a neutral expert to assist the court in reviewing the preserved video footage, the request is denied. "A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters." Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014); see also DeJesus v. Godinez, 720 F. App'x 766, 772 (7th Cir. 2017) (emphasizing that "Rule 706 is used to appoint a neutral expert to interpret complex information"); Karsjens v. Piper, 845 F.3d 394, 401 n.7 (8th Cir. 2017) (noting that Rule 706 permits district courts to appoint independent experts to assist the court

4

in understanding "complex and difficult issues"); Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1348 (11th Cir. 2003) (explaining that appointment of an expert witness under Rule 706 is "especially appropriate where the evidence or testimony at issue is scientifically or technically complex"). Based on the current record, the court is unable to find that the issues in this case are so complex as to warrant the appointment of a neutral expert under Rule 706. As other courts have noted in denying similar motions, "scientific, technical, or other specialized knowledge is not required to view the surveillance video or to make credibility determinations regarding [a plaintiff's] allegations." Duncan v. Nunez, No. 1:17-cv-01623, 2020 U.S. Dist. LEXIS 269850, at *3 (W.D. La. Jan. 24, 2020). Moreover, the video footage is not part of the current record, and the mere assertion that footage has been altered does not justify the appointment of a neutral expert. See, e.g., Stanford v. Pena, No. 2:18-cv-03007, 2021 U.S. Dist. LEXIS 236409, at *4 (E.D. Cal. Dec. 9, 2021) ("Although courts generally have discretion under Federal Rule of Evidence 706 to appoint an unbiased, neutral expert, plaintiff has offered no basis for his contention that the footage was altered—apart from his claim that the footage does not reflect [the] facts as he alleged them. Plaintiff's request is denied."). Accordingly, to the extent that Carter requests the appointment of a neutral expert to assist the court in reviewing the preserved video footage, the request is denied.\*

### III. Motion for Leave to File an Interlocutory Appeal

A district court may certify for appeal "an order not otherwise appealable" in a civil action if the court finds "that such order involves a controlling question of law as to which

---

\* By separate order, the court will require the defendants to respond to the spoliation arguments raised in the plaintiff's motion for appointment of an expert, ECF No. 246, and to submit all available video footage of the incidents at issue in this case.

5

there is substantial ground for difference of opinion and that an immediate appeal from an order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The United States Court of Appeals for the Fourth Circuit has cautioned that "§ 1292(b) should be used sparingly and thus its requirements must be strictly construed." United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340–41 (4th Cir. 2017) (internal quotation marks omitted). Although "it may be proper to conduct an interlocutory review of an order presenting a pure question of law, i.e., an abstract legal issue that the court of appeals can decide quickly and cleanly," interlocutory review is generally "not appropriate where, for example, the question presented turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." Id. (internal quotation marks omitted). In other words, "there is 'a distinction between a question of law, which will satisfy § 1292(b), and a question of fact or matter for the discretion of the trial court.'" Id. at 341 (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)).

In the present case, Carter seeks to appeal a decision that rests within the discretion of the district court. See Martin v. Redden, 34 F.4th 564, 569 (7th Cir. 2022) (explaining that the decision to grant or deny a motion for appointment of an expert under Rule 706 "remains firmly within a district court's broad discretion" and is "review[ed] for an abuse of discretion"). Carter has not demonstrated that the matter at issue "involves a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Nor has he shown that an "immediate appeal from the order may materially advance the ultimate termination of the litigation." Id. This case has been actively pending for nearly three years, and an interlocutory appeal would further delay the resolution of Carter's claims and the

6

counterclaims asserted by one of the defendants. Consequently, Carter's motion for leave to file an interlocutory appeal is denied.

## Conclusion

For the reasons stated, Carter's objection to the magistrate judge's order denying his motion for appointment of an expert is **OVERRULED**, his request for appointment of a neutral expert is **DENIED**, and his alternative motion for leave to file an interlocutory appeal is **DENIED**. An appropriate order will be entered.

Entered: March 18, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.18 16:16:24
-04'00'

Michael F. Urbanski
Chief United States District Judge