CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 18, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN CARTER, )<br>　　Plaintiff, )<br>　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　)<br>　　　　　　　　　　　　　)<br>JOSEPH ELY, et al., 　　　)<br>　　Defendants. 　　　　　) | Case No. 7:20-cv-00713<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## ORDER

　　Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officials at Red Onion State Prison and Wallens Ridge State Prison. By memorandum opinion and order entered September 22, 2023, the court denied Carter's motion for spoliation sanctions without prejudice pending the resolution of the exhaustion issues raised in a motion for summary judgment filed by the majority of the named defendants. ECF Nos. 255 and 256. The order permitted Carter to file a renewed motion for spoliation sanctions within twenty-one-days of the court's decision on the motion for summary judgment. ECF No. 256. Before the court ruled on the motion for summary judgment, Carter filed a "re-motion for spoliation of evidence," which was docketed as a motion for reconsideration. ECF No. 260. For the following reasons, the motion for reconsideration is **DENIED**, and the court construes the motion as a renewed motion for spoliation sanctions.

　　Because the court's previous order "did not resolve all claims against all parties," the order "was interlocutory and thus subject to revision at any time" under Federal Rule of Civil Procedure Rule 54(b). Saint Annes Dev. Co., Inc. v. Trabich, 443 F. App'x 829, 832 (4th Cir.

2011) (citing Fed. R. Civ. P. 54(b)). Nonetheless, "the discretion Rule 54(b) provides is not limitless," and "courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Id. (internal quotation marks and brackets omitted).

Carter's motion does not identify any change in controlling law that would warrant reconsideration of the court's previous order on his motion for spoliation sanctions. Nor has he pointed to any "clear error causing manifest injustice." Id. The court found it appropriate to consider the exhaustion issues raised on summary judgment before ruling on Carter's motion for spoliation sanctions, and the court expressly noted that the motion for spoliation sanctions could be renewed after the court issued its decision on the motion for summary judgment. Because Carter has not shown that this decision was clearly wrong or manifestly unjust, Carter's motion for reconsideration, ECF No. 260, is **DENIED**.

On March 5, 2024, the court issued a memorandum opinion and order denying the defendants' motion for summary judgment. ECF No. 278 and 279. Because Carter is proceeding pro se, the court also construes the motion for reconsideration as a renewed motion for spoliation sanctions. Carter is **DIRECTED** to file any supplemental brief in support of the motion within fourteen (14) days, and the defendants are **DIRECTED** to file a response to Carter's spoliation arguments within fourteen days thereafter. The defendants' response shall address the spoliation arguments raised in ECF Nos. 156 and 246, as well as

the other arguments raised in any supplemental brief filed by Carter. The defendants are further **DIRECTED** to submit copies of all available video footage of the incidents at issue in this case.

    The Clerk is directed to send a copy of this order to the parties.

    It is so **ORDERED**.

Entered: March 18, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.18 17:26:36
-04'00'

Michael F. Urbanski
Chief United States District Judge

3