CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 03, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **BENJAMIN CARTER,** ) | |
| Plaintiff, ) | Case No. 7:20-cv-00713 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **JOSEPH ELY, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against current and former correctional officials at Red Onion State Prison and Wallens Ridge State Prison. Carter claims that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments while he was incarcerated at those facilities in 2020. The case is presently before the court on Carter's motion for a temporary restraining order. ECF No. 297. In the motion, Carter alleges that he was recently "transferred to [Sussex I State Prison] in retaliation" and that he has not been given access to his legal paperwork or the law library since being transferred to that facility. Id. at 1. For the following reasons, the motion is **DENIED**.

A temporary restraining order or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose

v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). In other words, there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A temporary restraining order or preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Applying these standards, the court concludes that Carter's motion for a temporary restraining order must be denied. The motion does not address any of the requirements set forth in Winter, much less make a "clear showing" as to each requirement. Winter, 555 U.S. at 22; see also Pashby v. Delia, 709 F.3d 307, 320–21 (4th Cir. 2013) (emphasizing that each Winter factor must be satisfied). Additionally, to the extent that Carter claims that prison officials at Sussex I State Prison are interfering with or depriving him of his right to access the courts, such claim is entirely different from the claims asserted in the operative complaint. Consequently, the claim cannot provide the basis for a temporary restraining order or preliminary injunction in this action. Devose, 42 F.3d at 471.

For these reasons, it is hereby **ORDERED** that Carter's motion for a temporary restraining order, ECF No. 297, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: May 3, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.05.03 13:30:18
-04'00'

Michael F. Urbanski
Chief United States District Judge

2