CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BENJAMIN CARTER,** ) | |
| Plaintiff, ) | Case No. 7:20-cv-00713 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **JOSEPH ELY, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Benjamin Carter, a former Virginia Department of Corrections (VDOC) inmate who is currently represented by counsel, filed this civil action under 42 U.S.C. § 1983 against multiple defendants, most of whom were members of the correctional staff at Red Onion State Prison (Red Onion) on May 19, 2020. Carter claims that, on that day, correctional officers used or allowed others to use excessive force against him in violation of the Eighth Amendment, after he punched Lt. Lambert. Carter claims that a nurse violated the Eighth Amendment by acting with deliberate indifference to his resulting medical needs, and he claims that the actions of certain correctional officers were taken in retaliation for engaging in activity protected by the First Amendment. Later that same day, Carter was moved to Wallens Ridge State Prison (Wallens Ridge), where he claims that a correctional officer used excessive force against him upon his arrival. Carter also asserts First, Eighth, and Fourteenth Amendment claims against Joseph Ely related to his months-long placement in solitary confinement at Wallens Ridge. Defendant Lambert has asserted counterclaims of assault and battery against Carter.

The case is currently set for trial beginning on March 5, 2025, and the parties appeared before the court for a pretrial conference on February 24, 2025. During the pretrial conference, the court advised the parties that it was considering severing Carter's claims against Ely into a separate action and staying further proceedings on those claims pending the resolution of Thorpe v. Virginia Department of Corrections, No. 2:20-cv-00007 (W.D. Va.) (Thorpe), a class action filed by inmates housed in long-term solitary confinement at Wallens Ridge and Red Onion. For the reasons set forth below, the court finds it appropriate to sever and stay the claims against Ely.

## I.

Pursuant to Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party" or "sever any claim against a party." Rule 21 "furnishes the mechanism for separating a case into separate actions." Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003). Courts have "broad discretion" in deciding whether to sever claims. Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir. 2020). "There is no time limitation on the use of Rule 21," Avenatti v. Fox News Network LLC, 41 F.4th 125, 134 (3d Cir. 2022), and "justification for severance is not confined to misjoinder of parties," Spencer, White & Prentis, Inc. v. Pfizer, Inc., 498 F.2d 358, 361 (2d Cir. 1974) (footnote omitted). In determining whether severance is appropriate, courts consider the following factors: (1) whether the claims to be severed are significantly different from other claims; (2) whether the claims will require different witnesses or documentary proof; (3) whether a party will be prejudiced if claims are severed; and (4) whether a party will be prejudiced if claims are not severed. See Clements v.

2

Austin, 617 F. Supp. 3d 373, 375 (D.S.C. 2022); Equal Rights Ctr. v. Equity Residential, 483 F. Supp. 2d 482, 489 (D. Md. 2007).

Here, the relevant factors weigh in favor of severing Carter's claims against defendant Ely. As noted above, the claims against Ely relate to Carter's months-long placement in solitary confinement at Wallens Ridge. The issues presented by these claims are significantly different from those presented by Carter's claims of excessive force, deliberate indifference, and retaliation asserted against other defendants, all of which are based on conduct that allegedly during the course of a single day in May 2020. The claims against Ely will require different witnesses and different documentary evidence. Additionally, given the sheer number of defendants and claims, the court is convinced that allowing all of Carter's claims to be presented in a single trial "would be unwieldy, confusing to a jury, and potentially prejudicial to both sides." Wall v. Clarke, No. 7:19-cv-00260, 2023 WL 4824601, at *1–2 (W.D. Va. July 27, 2023) (severing an inmate's claims related to his long-term confinement in segregation into a separate action and ordering that the original case proceed solely on the plaintiff's claims of retaliation, excessive force, assault, and battery).

For these reasons, the court finds it appropriate to sever the claims against Ely into a separate action. The present case, No. 7:20-cv-00713, will proceed to trial on the Eighth and First Amendment claims asserted against the other remaining defendants and the counterclaims for assault and battery asserted against Carter.

## II.

The court also finds it appropriate to stay further proceedings in the severed action against Ely pending the resolution of the Thorpe class action. A district court "has broad

discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 862 (9th Cir. 1979) (explaining that a court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"). The power to stay a case may be exercised sua sponte. Crown Cent. Petroleum Corp. v. Dep't of Energy, 102 F.R.D. 95, 98 (D. Md. 1984). Relevant factors include the interests of judicial economy, potential prejudice to a party if the action is stayed, and potential prejudice to a party if the action is not stayed. Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 844 (S.D.W. Va. 2008).

On balance, the court find that these factors weigh in favor of staying further proceedings on the claims against Ely pending the resolution of Thorpe. The plaintiffs in Thorpe are prisoners housed in long-term solitary confinement at Wallens Ridge and Red Onion who claim that their confinement conditions violate their Eighth Amendment right to be free from cruel and unusual punishment and that they have been deprived of due process in violation of the Fourteenth Amendment. See Thorpe v. Clarke, 37 F.4th 926, 930–32 (4th Cir. 2022). On April 12, 2023, the presiding district judge granted a motion for class certification. Thorpe v. Va. Dep't of Corr., No. 2:20-cv-00007, 2023 WL 2908575, at *15 (W.D. Va. Apr. 12, 2023). It is undisputed that Carter is a putative member of at least one defined class. See id. (defining the "Constitutional Violation Damages Class" as "All persons

4

who at any time from August 1, 2012, to the present have been confined at Red Onion or Wallens Ridge at the Level S or Level 6 security levels and subject to any phase of the Step-Down Program"); see also Carrico Aff., ECF No. 111-2, ¶¶ 11–14 (indicating that Carter was "reclassified as Security Level 'S'" and assigned to the Step-Down Program at Wallens Ridge).[*] Although Ely is not a named defendant in Thorpe, Carter's claims against him overlap with the Eighth and Fourteenth Amendment claims in the class action, and the resolution of the class claims and defenses could potentially impact the resolution of Carter's individual claims. Therefore, the court finds that the imposition of a stay will best serve the interests of judicial economy and consistency, conserve the parties' resources, and avoid duplication of effort. The court also finds that a stay will not unduly prejudice or disadvantage any party. For these reasons, the court will stay further proceedings on the severed clams against Ely pending the resolution of Thorpe.

### III.

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. The present case, No. 7:20-cv-00713, shall proceed on Carter's claims against defendants Christopher King, Warden Kiser, Lt. Lambert, Miller, S. Sisco, Sgt. Messer, Franklin Cooper, Christopher Wampler, Michael Mullins, Sgt. Gregory Ridings, Robert Gibson, James Mullins, Shannon Hayes, Tyler Bray, Lt. Michael Williams, and Nurse W. McCoy. The case shall also proceed on Lt. Lambert's counterclaims against Carter.

---

[*] Security Level S is "VDOC's "highest inmate security classification, intended for those prisoners who VDOC believes require management in solitary confinement." Thorpe, 2023 WL 2908575, at *1.

5

2. Carter's claims against defendant Joseph Ely are hereby **SEVERED** into a new and separate civil case, and Ely shall be terminated as a party to Case No. 7:20-cv-00713.

3. The Clerk shall docket a copy of the operative complaint, ECF No. 181, in the new civil case, along with a copy of the answer thereto, ECF No. 196, and a copy of this memorandum opinion and order. The Clerk shall list Joseph Ely as the sole defendant in the new case.

4. All further proceedings in the case against Ely are **STAYED** pending the resolution of Thorpe and further order of the court.

It is so **ORDERED**.

Entered: March 3, 2025

Michael F. Urbanski
U.S. District Judge
2025.03.03 09:53:32
-05'00'

Michael F. Urbanski
Senior United States District Judge